```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Criminal No. 06-08 (RHK/RLE)
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | PRELIMINARY |
|     v. ) | ORDER OF FORFEITURE |
| ) | |
| ROBERT THOMAS DARLING (2), ) | |
| ) | |
|       Defendant. ) | |

Based on the United States' motion for a Preliminary Order of Forfeiture; on the Plea Agreement entered into between the United States and Defendant Robert Thomas Darling and on the Defendant's agreement to the forfeiture of a 1993 Chevrolet K1500 at the plea hearing held on March 17, 2006; on the Court having found that the 1993 Chevrolet K1500 is subject to forfeiture pursuant to 21 U.S.C. § 853(a); and on the Court's determination that, based on the Plea Agreement entered into by the Defendant and based on all of the files and records of this proceeding, the government has established the requisite nexus between the 1993 Chevrolet K1500 and the offense to which the Defendant has pled guilty,

    IT IS HEREBY ORDERED that:

    1. one 1993 Chevrolet K1500 Blazer, VIN: 1GNEK18K1PJ343522 is forfeited to the United States pursuant to 21 U.S.C. § 853(a);

    2. the Attorney General or his authorized designee may seize

the 1993 Chevrolet K1500 Blazer, VIN: 1GNEK18K1PJ343522 and maintain custody and control of the property pending the entry of a Final Order of Forfeiture;

3. the United States shall, pursuant to 21 U.S.C. § 853(n)(1), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

4. pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

5. following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee; and

6. the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed.R.Crim.P. 32.2(e).

Dated: April 21, 2006

                                 s/Richard H. Kyle
                                 RICHARD H. KYLE, Judge
                                 United States District Court